|  |  |
|---|---|
| IN RE ZIMMER DUROM HIP CUP PRODUCTS LIABILITY LITIGATION : : : : : | Master Docket No: 09-4414(SDW-MCA) <br><br> MDL No. 2158 (SDW) <br><br> This Document Relates To All Cases <br> Amended Case Management Order No. 2 |

**THIS MATTER** having come before the Court on its own motion to vacate its November 3, 2010 Case Management Order No. 2 Direct Filing of Actions in the District of New Jersey in Master Docket No. 09-4414 ("Case Management Order No. 2") (Docket No. 23); and for good cause shown;

**IT IS** on this ___15___ day of December, 2010,

**ORDERED** that this Order shall apply to all Plaintiffs and their counsel for actions relating to the IN RE: ZIMMER HOLDINGS, INC. litigation that are currently pending in MDL No. 2158, hereafter subject to transfer to these proceedings, or that have been or will be originally filed in the Court (collectively, "The MDL proceedings") and all Defendants and their counsel in the MDL proceedings.

**ORDERED** that Case Management Order No. 2 is hereby vacated and superceded by this Amended Case Management Order No. 2; and it is further

**ORDERED** that all litigants and counsel for actions relating to the IN RE: ZIMMER HOLDINGS, INC. litigation that are currently pending in MDL No. 2158 and referred to as the MDL proceedings, shall file all submissions in all such individual actions related to the IN RE: ZIMMER HOLDINGS, INC. litigation in the district where the individual action was originally filed ("original district"); and it is further

**ORDERED** that each case filed in the original district and thereafter centralized with MDL

No. 2158 by the U.S. Judicial Panel on Multidistrict Litigation under the June 9, 2010, transfer order will be filed in MDL No. 2158 for pretrial purposes only. The plaintiff filing any such case in the original district shall designate that venue is proper in that original district and allege in the complaint facts supporting that designation; and it is further

**ORDERED** that, after the U.S. Judicial Panel on Multidistrict Litigation centralizes any such individual action with MDL No. 2158, nothing in this Order shall affect any party's right to seek remand under 28 U.S.C. § 1407 and/or transfer under 28 U.S.C. § 1404 to the appropriate federal judicial district at the conclusion of the pretrial proceedings unless otherwise stipulated to by the parties and so ordered by the Court. The defendants retain, and do not waive, all rights to challenge the jurisdiction or venue of cases consolidated in MDL 2158 and filed in the designated original district before or after the entry of this order, including challenging the venue asserted as proper by plaintiffs in their complaints on any grounds, including, but not limited to, forum *non conveniens*; and it is further

**ORDERED** that the inclusion of any action in IN RE: ZIMMER HOLDINGS, INC., MDL No. 2158, irrespective of the original district where the action was filed, shall not constitute a determination by this Court that jurisdiction or venue is proper in the District of New Jersey.

**MADELINE COX ARLEO**
**United States Magistrate Judge**

Original:   Clerk
cc:         Hon. Susan D. Wigenton, U.S.D.J.
            All Parties
            File