IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DAVID FOSCUE, et ux., | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. 12-7491 (SDW) |
| | : | Master Docket No. 09-4414 (SDW) |
| v. | : | MDL No. 2158 |
| | : | |
| ZIMMER, INC., et al., | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE:   **ZIMMER DUROM HIP CUP**
**PRODUCTS LIABILITY LITIGATION**
David Foscue, et al. v. Zimmer, Inc., et al.,   )
W.D. Arkansas, C.A. No. 1:12-01083   )
D. New Jersey No. 09-4414 (main case)   )
D. New Jersey No. 2:12-CV-17491-SDW   )   MDL No. 2158

**PLAINTIFFS' MOTION FOR REMAND**

Come Plaintiffs David Foscue and Teresa Foscue, by and through their attorney, Paul W. Keith, Gibson & Keith, PLLC, and for their Motion For Remand

Page 1

state:

1.  This cause was filed in the Circuit Court of Bradley County, Arkansas on March 12, 2012 and was removed to the U.S. District Court for the Western District of Arkansas on July 18, 2012, and was transferred to the District of New Jersey for inclusion in MDL No. 2158, **MDL ECF 265.**

2.  On May 12, 2014, Plaintiffs and their counsel traveled to New Jersey for mediation with Zimmer before the Magistrate Judge, but no settlement was reached.

3.  The time for common issue fact discovery and for disclosure of common issue expert disclosure having run, on November 24, 2015, the Plaintiffs moved the District of New Jersey for suggestion of remand. ***Exh. A.*** Zimmer objected. ***Exh. B.*** Plaintiffs responded to the objection. ***Exh. C.*** Zimmer replied that it objected to remand. ***Exh. D.*** When there had been no ruling on the Motion For Suggestion of Remand by February 1, 2016, Plaintiff wrote the Court requesting a ruling, noting, *inter alia*, that four years had passed since the Plaintiffs filed their complaint. ***Exh. E***. Zimmer again objected, without addressing the four-year delay, but asking the Court to delay remand to permit an as-then-unfinalized settlement agreement between Zimmer counsel and some of the Plaintiffs' Liaison to be finalized. ***Exh. F.***

4.  On March 19, 2016, Plaintiffs wrote the Court to object to a proposed Case Management Order that would require all of the Plaintiffs to participate in an 18-

month-long settlement process with Zimmer, noting that – in light of previous settlement attempts by the Plaintiffs – further mediation between the Plaintiffs and Zimmer would be useless and a waste of time. **Exh. G.** On April 7, 2016, the District of New Jersey denied the Plaintiffs' November 24, 2015 motion for suggestion of remand as being premature in light of the possibility of a settlement process. **Exh. H.**

    5.    Over the course of the next year, Plaintiffs completed the settlement forms and provided all of the documents requested of them by Zimmer pursuant to the Court-Ordered Settlement program and, on June 24, 2017, participated in the Court-Ordered mediation with an intermediary chosen from among those mediators that Zimmer would accept. That mediation was unsuccessful and, on June 25, 2017, Plaintiffs moved the District of New Jersey for Suggestion of Remand. **Exh. I.** Zimmer again objected, disingenuously arguing that remand was premature because Zimmer was still "continuing to mediate Durom cases pursuant to the Durom Cup Settlement Program Agreement." **Exh. J.** Zimmer also complained that Plaintiffs had not met and conferred with Zimmer on the issue of remand and that Plaintiffs had not received leave of the Court to file the Motion For Remand. ***Id.***

    6.    Having not received a ruling on their June 25, 2017 Motion, the Plaintiffs wrote the Court on August 21, 2017 requesting a ruling. **Exh. K.** On September 5,

2017 the District of New Jersey denied the Plaintiffs' June 25 Motion for failure to meet and confer with Zimmer counsel and because leave had not been granted for the Plaintiffs to file the motion, noting the Court's belief that questions of remand should be coordinated and not handled on a case-by-case basis. ***Exh. L.***

7. On September 11, 2017 Plaintiffs and their counsel conferred by telephone with Zimmer counsel regarding remand and no agreement was reached as to remand. On September 12, 2017, Plaintiffs wrote the Court reporting the meet-and-confer results and requesting leave to file their Motion for Suggestion of Remand. ***Exh. M.*** On September 13, 2017, the District of New Jersey entered a MDL Text order denying the Plaintiffs' request for leave to file a Motion for Suggestion of Remand. ***Exh. N.*** The District of New Jersey stated that it was denying the request for the reasons set forth in footnote 2 of its September 5, 2017 letter, which read:

> This Court is aware of its ruling on the Lexecon waiver issue, addressed in this Court's Opinion dated September 1, 2015 which recognized Plaintiffs' right to seek remand of their case. However, this Court retains the authority to implement an orderly and efficient process for the remand of eligible cases. In order to effectively manage the Durom Cup Settlement Program, this Court is satisfied that questions of remand should be coordinated and not handled on a case-by-case basis.

***Exh. L at 2.***

8. It is now more than five months since the District of New Jersey denied the Plaintiffs' request for leave to file a Motion For Remand. There is no entry on the

docket of the District of New Jersey indicating that consideration is being given to remand of Plaintiffs' case or any other case.

9. Common issue discovery was completed prior to the first Zimmer Durom cup trial in November, 2014. ***Exh. O at 7-8.*** Case specific discovery and the remaining pretrial proceedings should be conducted in the transferor Court (Western District of Arkansas) due to the circumstance that the witnesses and evidence are located in the State of Arkansas and the trial is to be had there.

10. The Plaintiffs have completed their obligations under the Global Settlement Agreement procedure imposed by the District of New Jersey:

   a. Completing all Global Settlement documents and submitting all required documents;

   b. Timely requesting mediation; and

   c. Participating in mediation on June 23, 2017, which did not result in a settlement;

11. The District of New Jersey offers no pretrial procedure that remains. By mandate of the statute set out in 28 U.S.C. § 1407, the matter is to be remanded to the Western District of Arkansas:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such

transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. Each action so transferred **shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred** unless it shall have been previously terminated: . . .

28 U.S.C.A. § 1407 (West) (Emphasis Supplied).

12.   This lawsuit has languished for five years and eleven months and it is anticipated that, upon remand, it will take another year before the matter can come to trial in the Western District of Arkansas.  By then, more than seven years will have passed since the suit was filed in this straightforward product liability action.

WHEREFORE, Plaintiffs move this Multidistrict Litigation Panel to remand this cause to the Western District of Arkansas.

        RESPECTFULLY SUBMITTED
        DAVID FOSCUE & TERESA FOSCUE

by: *Paul Keith*
        Paul W. Keith   Ark. Bar No. 94008
        GIBSON & KEITH, PLLC
        P.O. Drawer 447
        Monticello, AR 71657
        870 367 2438          870 367 8306 fax
        pwk@gibsonandkeith.com

CERTIFICATE OF SERVICE

I, Paul W. Keith, an attorney for David Foscue and Teresa Foscue, do hereby certify that on this February 19, 2018 the foregoing MOTION FOR REMAND was filed electronically pursuant to CM/ECF procedures for the MultiDistrict Litigation Panel and pursuant to CM/ECF procedures for the District of New Jersey, which caused enrolled counsel of record to be served by electronic means, as more fully reflected on the Notices of Electronic Filing.

                                        Paul W. Keith    Ark. Bar No. 94008

cc:    Hon. Susan Wigenton (regular mail)
        Hon. Stephen Mannion (regular mail)