UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: ZIMMER DUROM HIP CUP PRODUCTS LIABILITY LITIGATION | 2:09-cv-04414-SDW-MCA <br><br> MDL-2158 <br><br> This Document Relates To All Cases |

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' MOTION SEEKING DISBURSEMENTS FROM COMMON BENEFIT FUND**

COME NOW Plaintiffs, by and through their undersigned Liaison Counsel, and file this Supplemental Motion Seeking Disbursements from Common Benefit Fund, in conjunction with Plaintiffs' Liaison Counsels' original motion filed by Waters & Kraus [Dkt. 972].

**I.   Background**

On April 18, 2018, pursuant to CMO 3, Waters & Kraus filed a Motion Seeking Disbursement from Common Benefit Fund [Dkt. 972] on behalf of Waters & Kraus, LLP, Pogust Braslow & Millrood, LLC, and Lieff Cabraser Heimann & Bernstein, LLP ("LCHB").  The original motion's supporting papers indicated that LCHB would supplement the disbursement request with a compilation of the firm's common benefit expenses and hours.  Plaintiffs' Liaison Counsel respectfully submits the following brief and attachments as that supplement.

1

## II. LCHB's Common Benefit Work

Wendy Fleishman, a partner with LCHB, was appointed by the Court to serve as Plaintiffs' Liaison Counsel, and has so served from 2010 through the present. From the start of this litigation, LCHB has worked toward the common benefit objectives along with its Co-Liaison counsel and in accordance with the Court's priorities. In addition to and as part of its Plaintiffs' Liaison Counsel duties, LCHB participated extensively in briefing, discovery, document review, and coordination with counsel and the Court. LCHB reached out to Co-Liaison Christopher Seeger and James Cecchia to take on settlement negotiations with Zimmer.

Consistent with the common benefit system outlined in CMO No. 3 [Dkt. 33], on March 5, 2012, the Court approved a disbursement of funds to be paid in accordance to agreement among Liaison Counsel for the division of such amounts. Fees and costs were disbursed to all Liaison Counsel on each occasion. We highlight the funds paid to LCHB. [Dkt. 112]. Subsequent to that Order, LCHB received $215,641.94 in reimbursed fees and $40,498.06 in reimbursed costs. On December 18, 2012, the Court approved a second disbursement of funds to be paid in accordance to agreement among Liaison Counsel for the division of such amounts. [Dkt. 146]. Subsequent to that Order, LCHB received $74,132.97 in reimbursed fees and $1,867.03 in reimbursed costs. On March 29, 2015, the Court approved a third disbursement of common funds to be paid in accordance with agreement among

2

Liaison Counsel for the division of such funds. [Dkt. 694]. Subsequent to that Order, LCHB received $36,973.04 in reimbursed costs. In total, LCHB has previously received $289,774.91 in reimbursed fees and $79,338.13 in reimbursed costs.

In submitting this application for outstanding fees and costs, Plaintiffs' Liaison Counsel herein reviewed its time and expenses and all of the time and expenses were reasonably necessary for the prosecution of the common issues on behalf of plaintiffs.

### A. Common Benefit Hours

LCHB's attorneys, paralegals, and support staff recorded 1,835.05 hours spent on common benefit work, as reflected by the chart attached to the Fleishman Certification as **Exhibit A**.

The chart includes the name of each attorney and paralegal who has worked on the matter, and the current hourly billing rate and the hours expended by each attorney, paralegal and support staff. The chart was prepared from contemporaneous time records prepared by LCHB. The hourly rate is in accordance with the market rate for similar services by attorneys of similar experience in the respective geographic area.[1]

---

[1] The rates used are based on the prevailing rates in the communities in which Liaison Counsel practice or on hourly rates obtained in other complex or class action litigation. *Rode v. Dellarciprete*, 892 F. 2d 1177, 1183 (3d Cir. 1990) ("Generally, a reasonable hourly rate is to be

3

LCHB expended 1,835.05 hours for a total lodestar of $1,029,280.75, giving a blended rate of $560.92. This blended rate is similar to rates in previous disbursement requests that were granted in this litigation.[2] Taking into consideration LCHB's previously reimbursed fees of $289,774.91,[3] the Firm's remaining lodestar calculation currently totals $739,505.84.

### B. Common Benefit Expenses

LCHB's out-of-pocket, case-related expenses incurred and paid are as follows:

| | |
|---|---:|
| Fax | $236.00 |
| In-House Copies | $3,198.00 |
| Postage | $161.23 |
| Printing | $14,281.00 |
| Telephone | $2,178.37 |
| Computer Research | $1,208.11 |
| Deposition/Transcripts | $1,191.70 |
| Electronic Database | $115,186.86 |
| Experts/Consultants | $21,491.68 |
| Federal Express/Messenger | $714.86 |
| Travel | $19,839.75 |
| Total Expenses | $179,687.56 |
| Total Expenses Reimbursed | (79,338.13) |
| **Total Remaining Expenses** | **$100,349.43** |

---

calculated according to the prevailing market rates in the relevant community"); *E. Aaron Enters., Inc. v. Carolina Classified.com*, No. 10-1087, 2010 U.S. Dist. LEXIS 76237, at *6 (E.D. Pa. Jul. 27, 2010) ("The prevailing market rate is ordinarily reflected in a law firm's normal billing rate").
[2] *See*, *e.g.*, Declaration of James E. Cecchi, Dkt. 111-1 ("Liaison Counsel expended 956.1 hours, for a total lodestar of $538,410.00, giving a blended rate of $563.13 per hour.").
[3] *See* March 5, 2012 (Dkt. 112) and December 12, 2012 (Dkt. 146) Orders approving disbursement of fees.

These incurred expenses are outlined in more detail within **Exhibit B** attached to the Fleishman Certification. The incurred expenses relate specifically to costs compensable from the Common Benefit Fund, including pleading costs, electronic database costs, expert witness fees, travel, printing and copying, document translation, teleconferencing, and other critical expenditures. The total expenses incurred by LCHB are $179,687.56. Taking into consideration LCHB's previously reimbursed expenses of $79,338.13,[4] LCHB's remaining expenses currently total $100,349.43.

## III. CONCLUSION

Based on the foregoing reasons, in conjunction with Plaintiffs' Counsels' original motion, Plaintiffs' Liaison Counsel respectfully requests that the Court enter an order granting disbursements from the Common Benefit Fund in the above-referenced amounts with regard to LCHB and to the other two Plaintiffs' Liaison Counsel firms as submitted.

---

[4] *See* March 5, 2012 [Dkt. 112] and December 12, 2012 [Dkt. 146], and March 29, 2015 [Dkt. 694] Orders approving disbursement of costs.

| | |
|---|---|
| DATED:  May 4, 2018 | Respectfully submitted,<br>**WATERS &KRAUS, LLP**<br><br> *Gibbs C. Henderson*<br>Gibbs C. Henderson<br>3141 Hood Street, Suite 700<br>Dallas, Texas 75219<br>(214) 357-6244<br>(214) 357-7252 (facsimile)<br>ghenderson@waterskraus.com<br><br>**ATTORNEYS FOR PLAINTIFFS** |