# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: ZIMMER DUROM HIP CUP PRODUCTS LIABILITY LITIGATION | 2:09-cv-04414-SDW-MCA <br><br> MDL-2158 <br><br> This Document Relates To All Cases |

## CERTIFICATION OF WENDY R. FLEISHMAN IN SUPPORT OF PLAINTIFFS' MOTION SEEKING DISBURSEMENT FROM COMMON BENEFIT FUND

WENDY R. FLEISHMAN, hereby certifies as follows:

1. I am an attorney-at-law of the State of New York and am a partner at Lieff Cabraser Heimann & Bernstein, LLP ("LCHB" or "Firm").

2. I am submitting this affidavit in support of LCHB's application for an award of attorneys' fees in connection with Common Benefit services rendered on behalf of Plaintiffs and the reimbursement of expenses incurred by LCHB during the course of this litigation. The testimony set forth herein is based on first-hand knowledge about which I would and could testify competently in open court if called upon to do so, and on contemporaneously-generated records kept in the ordinary course of law practice by either my firm or other Plaintiffs' Liaison Counsel Firms.

3.     LCHB has acted as Co-Liaison Counsel from 2010 through the present on behalf of Plaintiffs in this litigation concerning the alleged defective hip implants manufactured by Defendants.

4.     LCHB has been involved in all aspects of this litigation. Together with the other Liaison Counsel, we researched the factual basis for the claims advanced, formulated and researched the legal theories for relief, and drafted or heavily contributed to much of the pleadings that has been submitted in this case on behalf of Plaintiffs.  We also participated in significant discovery matters in this case, including depositions, document review, and work with experts.  I expect that LCHB will continue to expend time on this matter in connection with the approval and administration of the settlement.

5.     LCHB has received disbursements in this matter on three previous occasions:  First, on March 5, 2012, the Court approved a disbursement of funds to be paid in accordance to agreement among Liaison Counsel for the division of such amounts. (Dkt. 112).  LCHB subsequently received $215,641.94 in reimbursed fees and $40,498.06 in reimbursed costs. Next, on December 18, 2012, the Court again approved a disbursement of funds to be paid in accordance to agreement among Liaison Counsel for the division of such amounts.  (Dkt. 146).  LCHB subsequently received

1552435.1

$74,132.97 in reimbursed fees and $1,867.03 in reimbursed costs. Finally, on March 29, 2015 the Court approved a third disbursement of common funds to be paid in accordance with agreement among Liaison Counsel for the division of such funds. (Dkt. 694). LCHB subsequently received no reimbursed fees and $36,973.04 in reimbursed costs. Based on these previous disbursements, LCHB has thus far in total received $289,774.91 in reimbursed fees and $79,338.13 in reimbursed costs.

6.   The chart attached hereto as Exhibit A is a summary of time spent by the attorneys and non-attorney professional staff of my firm on this litigation, and the lodestar calculation based on my firm's current billing rates, totaling $1,029,280.75. The chart includes the name of each attorney and paralegal who has worked on the matter, and the current hourly billing rate and the hours expended by each attorney, paralegal, and support staff. The chart was prepared from contemporaneous time records prepared by my firm, which are available for submission to this Court at its request. For timekeepers who are no longer employed by the Firm, the hourly rate used is the billing rate in his or her final year of employment by the Firm. Subtracting LCHB's previously reimbursed fees of $289,774.91, the Firm's remaining lodestar calculation currently totals $739,505.84.

1552435.1

7. The chart attached hereto as Exhibit B is a detailed summary of the expenses spent by my firm on this litigation, totaling $179,687.56. These expenses are reflected on the books and records of the Firm. It is the Firm's policy and practice to prepare such records from expense vouchers, check records, credit card records, and other source materials. Based on my oversight of LCHB's work in connection with this litigation and my review of these records, I believe them to constitute an accurate record of the expenses actually incurred by the Firm in connection with this litigation. Subtracting LCHB's previously reimbursed expenses of $79,338.13, the Firm's remaining expenses currently total $100,349.43.

8. I certify that the foregoing statements by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

DATED: May 4, 2018

Respectfully submitted,

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

*/s/ Wendy R. Fleishman*____
Wendy R. Fleishman
250 Hudson Street, 8th Floor
New York, NY  10013
(212) 355-9500
(212) 355-9592
wfleishman@lchb.com

*Attorneys for Plaintiffs*

1552435.1