UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

July 11, 2018

Gibbs C. Henderson, Esq.
Waters & Kraus, LLP
3141 Hood Street, Suite 700
Dallas, TX 75219
*Counsel for Plaintiffs*

James E. Cecchi, Esq.
Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C.
5 Becker Farm Road
Roseland, NJ 07068
*Co-Liaison Counsel for Plaintiffs*

Christopher A. Seeger, Esq.
Seeger Weiss LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
*Co-Liaison Counsel for Plaintiffs*

Andrew L. Campbell, Esq.
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46202
*Counsel for Defendants*

### LETTER ORDER FILED WITH THE CLERK OF THE COURT

    Re:    **Miller v. Zimmer Holdings, Inc. et al.**
             **Master Docket Case No. 09-4414 (SDW)(SCM)**

Counsel:

      Before this Court are Co-Liaison Counsel's (1) Motion for Reconsideration of this Court's June 7, 2018 Order granting disbursement of funds from the Common Benefit Fund ("CBF") (Dkt. No. 983), and (2) Motion for a Stay of that Order.[1] (Dkt. No. 986.). This Court having considered

---

[1] Plaintiffs' Liaison Counsel for this MDL are currently: Gibbs Henderson of Waters & Krauss, LLP; Wendy Fleishmann of Lieff Cabraser Heimann & Bernstein, LLP ("Lieff Cabraser"); Derek Braslow of Pogust, Braslow &

the parties' submissions[2] and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, denies Co-Liaison Counsel's motions.

**DISCUSSION**

A. Standard of Review

Although the Federal Rules of Civil Procedure "do not expressly authorize motions for reconsideration, Local Civil Rule 7.1(i) provides for such review." *Sch. Speciality, Inc. v. Ferrentino*, Civ. No. 14-4507, 2015 WL 4602995, at *2-3 (D.N.J. July 30, 2015). A party moving for reconsideration must file its motion within fourteen (14) days "after the entry of the order or judgment on the original motion" and set "forth concisely the matter or controlling decisions which the party believes the . . . Judge has overlooked." L. Civ. R. 7.1(i). A motion for reconsideration is "an extremely limited procedural vehicle," *Ferrentino*, 2015 WL 4602995 at *2 (internal citations omitted), which is to be granted "sparingly." *A.K. Stamping Co., Inc. v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000). Motions to reconsider are only proper where the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Mere disagreement with a court's decision is not an appropriate basis upon which to bring a motion for reconsideration as such disagreement should "be raised through the appellate process." *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

B. The June 7, 2018 Order is Not Clearly Erroneous or Contrary to Law

On April 18, 2018, the law firm of Waters & Kraus, LLP ("Waters & Kraus") moved for disbursements from the CBF for work they had performed on behalf of plaintiffs in this MDL. (Dkt. No. 972.) Relying on Case Management Order No. 3 (Dkt. No. 33) ("CMO No. 3"), which governs assessments and procedures for seeking reimbursement from the CBF, Waters & Kraus submitted an accounting of the firm's expenses and hours. (Dkt. No. 972-2 and Exhibits.) So too, did the firms of Pogust, Braslow & Millrood, and Lieff Cabraser. (Dkt. No. 972 Ex. F, 977.)[3] Co-Liaison Counsel neither formally opposed the motion, nor challenged the expenses or hours submitted. Instead, Co-Liaison Counsel filed two separate letters requesting that this Court appoint Mr. Seeger and Mr. Cecchi "to develop and administer a common benefit application process for all plaintiffs' counsel." (Dkt. No. 973, 979.) Because CMO No. 3

---

Millrood; James Cecchi of Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C.; and Chris Seeger of Seeger Weiss LLP. (Dkt. No. 972-1 at 4; 17, 184, 730.) Although Ms. Fleishman filed what appears to be a letter of support for the instant motions (Dkt. No. 989), she did not formally join the motions and, in fact, submitted a request for disbursements from the CBF and was granted the same in this Court's June 7, 2018 Order. Therefore, for purposes of the instant motions, "Co-Liaison Counsel" refers to solely to Mr. Cecchi and Mr. Seeger who jointly filed the motions.

[2] This Court did not consider Co-Liaison Counsel's reply brief, (Dkt. No. 991), because Co-Liaison Counsel did not seek permission to file a reply as required by Local Civil Rule 7.1(d)(3).

[3] This is not the first time disbursements have been requested and granted from the CBF. (*See, e.g.*, Dkt. No. 112, 146, 694.)

already provides a process to manage disbursements from the CBF, and this Court having reviewed the expenses and hours in Waters & Kraus's motion and having found them reasonable, and those amounts having not been challenged by Mr. Seeger or Mr. Cecchi, this Court granted Waters & Kraus's motion on June 7th.

This Court's June 7th Order clearly identified CMO No. 3 as an appropriate method for disbursing funds from the CBF. Indeed, funds have been disbursed pursuant to CMO No. 3 on at least three other occasions. Co-Liaison Counsel does not identify any intervening change in the relevant law or new evidence that was unavailable at the time this Court entered its June 7th Order that invalidates CMO No. 3. Consequently, Co-Liaison Counsel's motion rests solely on the contention that this Court's decision contains an error of fact or law that, if left uncorrected, would result in manifest injustice. Co-Liaison Counsel argues that it "was not permitted the opportunity to scrutinize the alleged common benefit work that Waters & Kraus sought compensation for and to make a recommendation to the Court as was required by CMO [No.] 3." (Dkt. No. 986-1 at 1.) This is patently untrue. Waters & Kraus's motion was filed on the docket and was available to all parties. An appropriate return date for the motion was set. The motion contained a detailed and extensive accounting of the amounts sought. Co-Liaison Counsel had ample opportunity to review those materials and to challenge them in written opposition or through a request for oral argument, but chose not to do so. There being no error of fact or law requiring reconsideration of this Court's June 7th Order, Co-Liaison Counsel's motion for reconsideration and for a stay will be **DENIED**.

**CONCLUSION**

For the reasons set forth above, Co-Liaison Counsel's Motions for Reconsideration of this Court's June 7, 2018 Order and for a Stay of that Order are **DENIED**. An appropriate order follows.

                                                          ___/s/ Susan D. Wigenton_____
                                                          **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
      Steven C. Mannion, U.S.M.J.