UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Albert W. Block<br><br>and<br><br>Claudia Ann Marlette Block<br><br>Plaintiffs<br>v.<br><br>Zimmer, Inc., Zimmer Biomet Holdings, Inc.<br>Zimmer US, Inc.<br><br>Defendants | 2:09-cv-04414-SDW<br><br>MDL 2158<br><br>This Document Relates To: 2:13-cv-01097 |

## PLAINTIFFS' MOTION TO ALLOW CASE-SPECIFIC DISCOVERY

Plaintiffs Albert Block and Claudia Block ("Plaintiffs"), by counsel, state the following in support of their motion and proposed order to allow case-specific written discovery and depositions, pursuant to this Court's orders and following failed settlement discussions and failed mediation.

### FACTUAL BACKGROUND

Plaintiffs filed suit against Zimmer in November 2011, nearly seven years ago, and they respectfully seek to move forward in developing their claims for trial. Plaintiff Albert Block suffered bilateral failure of his Zimmer Durom hip systems, resulting in serious and permanent injuries to his body and a reduced quality of life. His case was transferred to this Court as part of MDL 2158 on Feb. 7, 2013. He has complied with all of this Court's orders since that time,

1

including the requirement to participate in the Global Settlement Program and mediation process. The parties were not able to reach an agreement at mediation, and the Zimmer defendants ("Zimmer" or "Defendants") refuse to agree to participate in, or allow Plaintiffs to pursue, discovery of any type, despite efforts to meet and confer between the parties. Plaintiffs seek to move forward with the case, and pursue a modest amount of case-specific discovery as discussed in more detail below.

## ARGUMENT

Plaintiffs' lawsuit has been pending for nearly seven years without a single deposition and without any formal case-specific discovery. Plaintiffs are mindful of this Court's reluctance to remand MDL cases. See, e.g., Letter Order, May 1, 2018, Dkt. 976. To be clear, Plaintiffs do not seek remand. Rather, they desire to take the depositions of Plaintiff's treating physicians and other key witnesses including the Zimmer sales representatives who were involved in Mr. Block's index and revision surgeries. Zimmer refuses to agree to any depositions in this case, or any discovery at all, even after mediation failed more than a year ago. A short timeline illustrates Plaintiff's frustration, and his desire to conduct a reasonable and modest amount of discovery.

> **May 1, 2011:** The parties are directed to meet and confer regarding fact sheets, written discovery and depositions for unsettled cases as part of the Court's first scheduling order. Dkt. 50. Specific guidelines and limitations on case-specific discovery are described for both parties. *Id.*
>
> **November 23, 2011:** Plaintiffs Albert Block and Claudia Block file their initial complaint against Zimmer in Louisiana federal court. It is transferred to this Court on February 7, 2013, as part of MDL 2158 by the Judicial Panel on Multidistrict Litigation.
>
> **December 6, 2013:** the Court issues an amendment regarding case-specific discovery in all "unmediated" cases as part of its Third Scheduling Order. Dkt. 234.
>
> **Sept. 1, 2015:** The Court asks the parties to meet and confer regarding plaintiffs not represented by Waters Kraus who wish to return to their original filing

jurisdiction. Dkt. 751. Plaintiff here is not represented by Waters Kraus. It is unclear if his wishes were made known, or were the subject of a meet and confer.

**May 13, 2016:** this Court issues its Case Management Order Regarding Settlement Agreement, noting that "[c]ase-specific discovery may proceed in cases in which an Eligible Claimant has not accepted Zimmer's award amount as described in the Settlement Agreement, and the Eligible Claimant and Zimmer have filed a "Joint Notice of Unsettled Case." Dkt. 925.

**October 27, 2016:** The undersigned counsel enters an appearance on behalf of Plaintiffs Albert Block and Claudia Block.

**October 31, 2016:** After registering for the settlement program, Plaintiff Albert Block and Defendants cannot agree on a value categorization, and Plaintiff therefore submits Exhibit F to participate in the required mediation program in the event of a categorization dispute.

**June 21, 2017:** Mediation of the above-captioned matter takes place in Chicago, Illinois, before mediator Faustin "Frosty" Pipal, Jr. of Resolute Systems, LLC. The parties are unable to reach an agreement.

**October 24, 2017:** After the mediation deadline passes, Plaintiffs attempt to work with Defendants to schedule depositions. Plaintiffs send a proposed deposition notice to counsel for Zimmer, for the deposition of Plaintiff's orthopedic surgeon, Dr. Cambize Shahrdar. Defendants request that the proposed deposition be canceled in lieu of additional settlement discussions. Plaintiff agrees to cancel.

**Jan. 22, 2018:** After the parties are again unable to reach an agreement on settlement, the undersigned requests proposed dates in April or May 2018 for depositions to further develop the case. Zimmer declines to agree to dates.

**June 26, 2018:** Zimmer informs Plaintiff via email that "Zimmer disagrees that we are at a place to schedule depositions" despite the mediation process being finished more than a year earlier.

Plaintiff appreciates that long delays are not unusual in mass tort litigation, and that individual discovery is not always necessary or helpful in the context of an MDL. *See, e.g.*, Eldon Fallon, Common Benefit Fees in Multidistrict Litigation, 74 La. L. Rev. 371, 380 (2014) (stating that, "instead of pursuing individual discovery, filing individual motions, and preparing individual trial plans, … attorneys who participate in the MDL usually benefit, both in

time and expense, from a uniform and efficient resolution procedure."). At the same time, there is no automatic prohibition on individual discovery in an MDL, and many courts, including this one, allow unsettled cases to proceed with depositions in a structured and uniform manner. Eventually, once common discovery in an MDL is complete, the transferee judge may suggest remand to a transferor court for individual discovery and trial, if necessary. *In re Mirena Ius Levonorgestrel-Related Prods. Liab. Litig. (No. II)*, 249 F. Supp. 3d 1357, 1360 (J.P.M.L. 2017) (quoting *In re: Fluoroquinolone Prods. Liab. Litig.*, 122 F. Supp. 3d 1378, 1379 (J.P.M.L. 2015)). Even before remand, it is not uncommon for transferee courts to allow individualized discovery. For instance, *In re Biomet M2a Magnum Hip Implant Prods. Liab. Litig. MDL 2391*, was formed in 2012 and had a large, global settlement in 2014. Four years later, Hon. Judge Robert L. Miller entered an order this summer beginning the process of remanding the first of several hundred individual cases that did not settle. However, in *Biomet*, which also involves metal-on-metal hips, case-specific discovery continued after the settlement program's conclusion. Judge Miller supervised case-specific discovery over a period of several years, activating waves of cases and allowing the parties to take hundreds of depositions in individual cases. Similarly, in *In re DePuy Orthopaedics, Inc., MDL 2197*, involving the DePuy ASR metal-on-metal hip system, the parties have conducted individual case discovery even while a settlement program has unfolded over the last six years. Large-scale litigation like *DePuy* and *Biomet*, appropriately, takes time, and this MDL is no different. However, just as in *DePuy* and *Biomet*, the Court here has allowed individual discovery to continue for unsettled cases. *See* Dkt. 925, supra. Plaintiff Albert Block respectfully submits that his case meets the definition of being unsettled, because he has not accepted Zimmer's award amount, the parties participated in the mandatory mediation process more than a year ago, and Plaintiff's claims remain pending in this MDL. The undersigned has taken or defended numerous

depositions in other Zimmer Durom cases in this MDL in previous years, and has resolved numerous cases in this MDL under the framework of the settlement agreement and/or the mediation process. In the instant case, the parties are unable to reach an agreement, yet Zimmer declines to agree to filing of a "Joint Notice of Unsettled Case." Plaintiffs respectfully believe that a modest amount of individual discovery, including fact sheets, case-specific depositions, and case-specific written discovery as described in this Court's Initial Scheduling Order, is appropriate to move their claims forward prior to remand.

## CONCLUSION

For the reasons stated above, Plaintiffs ask the Court to enter the attached proposed order allowing case-specific discovery in the above-captioned matter.

Respectfully submitted,

JONES WARD PLC

s/ Alex C. Davis
Alex C. Davis
Jasper D. Ward IV
The Pointe
1205 E. Washington St., Suite 111
Louisville, Kentucky 40206
Ph:	502 882-6000
Fax:	502 587-2007
jasper@jonesward.com
alex@jonesward.com
*Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 31st day of August, 2018, that I electronically filed the foregoing with the Clerk of the Court by using CM/ECF. Notice of this filing will be sent by e-mail to all parties by operations of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing. Parties may access this filing through the Court's CM/ECF system.

                                                s/ Alex C. Davis_____
                                                *Counsel for Plaintiff*