UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: ZIMMER DUROM HIP CUP PRODUCTS LIABILITY LITIGATION | 2:09-cv-04414-SDW-MCA<br><br>MDL-2158 |

This Document Relates to:

*Cynthia Francis v. Zimmer, Inc., et al*; Case No. 2:16-cv-04627
*Timothy Shank v. Zimmer, Inc., et al*; Case No. 2:11-cv-00138

**DEFENDANTS ZIMMER, INC. AND ZIMMER HOLDINGS, INC.'S
<u>MOTION FOR ORDER TO SHOW CAUSE</u>**

Defendants Zimmer, Inc., and Zimmer Holdings, Inc. (together, "Zimmer"), respectfully move this Court for the entry of an order directing Plaintiffs Cynthia Francis and Timothy Shank (together, "Plaintiffs") to present evidence that they had a revision surgery and to show cause why these actions should not be dismissed without prejudice. In support of this Motion, Zimmer states as follows:

1. On June 9, 2010, the Judicial Panel on Multidistrict Litigation centralized the then-pending Durom Cup cases in the District of New Jersey, styled as *In re: Zimmer Durom Hip Cup Products Liability Litigation*, MDL 2158 (the "MDL"). (Transfer Order (June 9, 2010), attached as Exhibit 1).

2. According to the Transfer Order, the common issues in the MDL are "whether Zimmer's Durom Acetabular Component (or Durom Cup), a device used in hip replacement

surgery, was defectively designed and/or manufactured, and whether Zimmer failed to provide adequate warnings concerning the device." (*Id*. at 1-2).

3. On February 11, 2016, Zimmer and a subset of MDL Plaintiffs' Liaison Counsel ("Claimants' Liaison Counsel") negotiated the "U.S. Durom Cup Settlement Program Agreement" (the "Settlement Agreement"). (May 13, 2016, Case Management Order Regarding Settlement Agreement with Settlement Agreement attached, attached as Exhibit 2).

4. The May 13, 2016 Case Management Order ("CMO") stated that the purpose of the Settlement Agreement was to "resolve cases and claims of United States plaintiffs and claimants who underwent a revision of the Durom Acetabular Component." *Id*. Accordingly, a fundamental prerequisite to participating in the U.S. Global Settlement Program ("Settlement Program") is the implantation and revision of a Durom Cup.

5. The Settlement Agreement, attached to the CMO, defined a "Qualified Revision Surgery" as "the removal of his/her Durom Cup during a separate surgery less than nine years (108 months) after the date of implant." (*Id*. at Exhibit A, p. 2.) A Plaintiff implanted with a Durom Cup that has not been removed is ineligible for the Settlement Program. *Id*.

6. Neither of the Plaintiffs have had a revision surgery.

7. On December 28, 2018, Zimmer sent letters to Plaintiffs' counsel explaining that Zimmer's records indicate that Plaintiffs' Durom Cups have not been revised and, if they believed otherwise, to submit documentation to establish that a revision surgery occurred. Zimmer requested a response no later than January 21, 2019. Neither Plaintiff has provided records indicating that revision surgery occurred.

8. This Court has the authority to manage individual cases in the MDL like any other case. *In re FMC Corporation Patent Litigation* 422 F. Supp. 1163, 1165 (J.P.M.L. 1976)

("following a transfer [under Section 1407], the transferee judge has all the jurisdiction and powers over pretrial proceedings in the actions transferred to him that the transferor judge would have had in the absence of the transfer.").

9.  Because Plaintiffs have not had a revision surgery, Zimmer respectfully requests that the Court enter an order requiring Plaintiffs to present evidence that they had a revision surgery and to show cause why their cases should not be dismissed without prejudice.

WHEREFORE, Zimmer respectfully requests this Court to issue an order to show cause why Plaintiffs' cases should not be dismissed without prejudice.

Dated: March 1, 2019

Respectfully submitted,

FAEGRE BAKER DANIELS LLP

*/s/ J. Joseph Tanner*
John Joseph Tanner
Andrew L. Campbell
Adrienne F. Busby
Stephanie N. Russo
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
Tel. (317) 237-0300
Fax (317) 237-1000
Joe.Tanner@faegrebd.com
Andrew.Campbell@faegrebd.com
Adrienne.Busby@faegrebd.com
Stephanie.Russo@faegrebd.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing document has been served upon all counsel of record via ECF, this <u>1st</u> day of March, 2019.

*/s/ John Joseph Tanner*

US.122112188.04