UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: ZIMMER DUROM HIP CUP PRODUCTS LIABILITY LITIGATION | 2:09-cv-04414-SDW-LDW<br><br>MDL-2158 |

This Document Relates to:

*Virginia Larry v. Zimmer, Inc., et al*; Case No. 2:17-cv-04829

### ZIMMER DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE

Defendants Zimmer, Inc., and Zimmer Holdings, Inc. (collectively "Zimmer"), respectfully move this Court for the entry of an order directing the plaintiff, Virginia Larry ("Plaintiff"), to present evidence that she was implanted with a Durom Cup and to show cause why these actions should not be dismissed without prejudice. In support of this Motion, Zimmer states as follows:

1. On June 9, 2010, the Judicial Panel on Multidistrict Litigation centralized the then-pending Durom Cup cases in the District of New Jersey, styled as *In re: Zimmer Durom Hip Cup Products Liability Litigation*, MDL 2158 (the "MDL"). (Transfer Order (June 9, 2010), attached as Exhibit 1).

2. According to the Transfer Order, the common issues in the MDL are "whether Zimmer's Durom Acetabular Component (or Durom Cup), a device used in hip replacement surgery, was defectively designed and/or manufactured, and whether Zimmer failed to provide

adequate warnings concerning the device." (*Id*. at 1-2). Accordingly, a fundamental prerequisite to participating in this MDL is the implantation of a Durom Cup.

3. Paragraph 23 of Plaintiff's Complaint alleges that Plaintiff was implanted with the Durom Cup on June 15, 2015.[1] (Plaintiff's Complaint at ¶ 23, attached as Exhibit 2).

4. However, Zimmer stopped selling the Durom Cup in 2010 and, thus, the Durom Cup was no longer available for orthopedic surgeons to implant in 2015. Based on the alleged implant date, Zimmer does not believe that a Durom Cup was implanted in Plaintiff's hip.

5. To confirm that belief, Zimmer requested from Plaintiff's counsel product identification and the required medical records under the Durom Cup Global Settlement Program on February 14, 2019, March 3, 2019, March 19, 2019, April 17, 2019, and May 20, 2019. No product identification or medical records have been provided.

6. This Court has the authority to manage individual cases in the MDL like any other case. *In re FMC Corporation Patent Litigation* 422 F. Supp. 1163, 1165 (J.P.M.L. 1976) ("following a transfer [under Section 1407], the transferee judge has all the jurisdiction and powers over pretrial proceedings in the actions transferred to him that the transferor judge would have had in the absence of the transfer.").

7. Because Plaintiff has not provided proof that she was implanted with a Durom Cup, Zimmer respectfully requests that the Court enter an order requiring Plaintiff to present evidence that she was implanted with a Durom Cup and to show cause why her case should not be dismissed without prejudice.

WHEREFORE, Zimmer respectfully requests this Court to issue an order to show cause why Plaintiff's case should not be dismissed without prejudice.

---

[1] Plaintiff's Complaint was filed on June 29, 2017, but never served on Zimmer.

Dated: May 23, 2019	Respectfully submitted,

FAEGRE BAKER DANIELS LLP

<u>/s/ J. Joseph Tanner</u>
John Joseph Tanner
Andrew L. Campbell
Adrienne F. Busby
Stephanie N. Russo
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
Tel. (317) 237-0300
Fax (317) 237-1000
Joe.tanner@faegrebd.com
Andrew.campbell@faegrebd.com
Adrienne.busby@faegrebd.com
Stephanie.russo@faegrebd.com

## **<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a copy of the foregoing document has been served upon all counsel of record via ECF, this <u>23rd</u> day of May, 2019.

<u>/s/ John Joseph Tanner</u>

US.123248146.02