# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: ZIMMER DUROM HIP CUP PRODUCTS LIABILITY LITIGATION | 2:09-cv-04414-SDW-MCA<br><br>MDL-2158 |

This Document Relates to:

*Carrie Henry Sanders v. Zimmer, Inc.*; Case No. 2:16-cv-05310

### DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO PARTICIPATE IN THE SETTLEMENT PROGRAM

The defendant, Zimmer, Inc. ("Zimmer"), respectfully moves the Court for an order to show cause why this case filed by the plaintiff, Carrie Henry Sanders ("Plaintiff"), should not be dismissed with prejudice due to her failure to produce required documentation and medical records, and meaningfully participate in mediation, as required by the Settlement Program. In support, Zimmer states:

1. The Court ordered all plaintiffs with cases in this Durom Cup MDL to participate in the process established by the Settlement Agreement entered on February 11, 2016 (the "Settlement Program"). (*See* MDL Dkt. 925 and 975). Any individual plaintiff who fails to participate in the process is subject to a motion to dismiss with prejudice. (MDL Dkt. 925, ¶ 2).

2. A represented plaintiff is required to register and categorize for the Settlement Program by submitting Exhibit A and Exhibit C and complete medical records defined as (a) Implant product identification; (b) Implant surgeon records; (c) Implant hospital records; (d) Revision surgeon records; (e) Revision hospital records; and (f) Records to support any claim for an enhancement. (*See* Settlement Agreement, ¶ III. A.; Exhibit C, p. 4).

3. Additionally, if a plaintiff alleges an extraordinary injury, he or she is required to submit Exhibit D and all documents supporting the allegation including (a) Complete records from the physician(s) treating the alleged injury; (b) Complete records from the hospital(s) treating the alleged injury; (c) A list of all medical providers from 10 years prior to the implant to the present; and (d) a signed HIPAA release. (*See* Settlement Agreement, ¶ III. A.; Exhibit D, p. 3). If the extraordinary injury includes allegations of permanent disability, the claim must also be supported by (e) a detailed physician report. (*See* Settlement Agreement, ¶ II. A. 4.; Exhibit D, p. 4).

4. Finally, if a plaintiff does not reach settlement after completing the categorization process, he or she is required to participate in mandatory mediation by submitting Exhibit F and additional supporting medical records including complete (1) X-rays before and after implant and revision; (2) Physical therapy records after implant and revision; and (3) Other records relevant to the analysis of any extraordinary injury claimed (e.g. pharmacy records). (*See* Settlement Agreement, ¶ IV. A.; Exhibit F, p. 2).

5. Plaintiff filed her complaint on July 21, 2016, and it was removed to the Central District of California and transferred to the MDL on August 26, 2016. (*Sanders* Dkt. 1). On August 31, 2016, Zimmer notified Plaintiff of the Court's order requiring participation in the Settlement Program. (*Sanders* Dkt. 16). Despite repeated attempts by Zimmer to encourage Plaintiff to participate in the Settlement Program, Plaintiff has refused to produce the required documentation and medical records and has not meaningfully participated in mediation.

6. Plaintiff provided medical records from the implant hospital on January 17, 2018,[1] and submitted Exhibits A and C on May 8, 2018. (Declaration of Joshua Busch ("Busch Decl.")

---

[1] This production was limited to various imaging and imaging reports, implant hospital records from 2007 and 2008, and an income statement for 2015.

at ¶ 3, attached as Exhibit A). However, Plaintiff failed to submit complete medical records from the implant surgeon, the revision surgeon, or the revision hospital. (*Id.*) Moreover, despite requesting mediation and alleging extraordinary and permanent injury identified as continued pain and limitations requiring ongoing treatment and medication, Plaintiff failed to submit Exhibits D and F, the additional supporting medical records (including from treating physicians, physical therapists, and pharmacists), the list of past and present healthcare providers, the HIPAA authorization, or the required physician report. (*Id.*)

7.    Plaintiff's submission to the Settlement Program amounts to 66 pages of incomplete medical records from the implant hospital and five pages of incomplete medical records from the revision hospital. (*Id.*). The records are limited to one healthcare facility with obvious omission illustrated by missing page numbers and basic content including all records after revision surgery. (*Id.*).

8.    Zimmer repeatedly notified Plaintiff that she had failed to submit the required documentation and medical records including by formal notice on December 27, 2018 and January 20, 2019. (*Id.* at ¶ 4). Plaintiff was reminded that failure to participate in the Settlement Program may result in dismissal with prejudice. (*Id.*).

9.    On January 30, 2019, Plaintiff's counsel, Alvin Pittman, confirmed that he would try to provide the materials the next day, but he failed to do so. (*Id.* at ¶ 5). On February 12, 2019, Zimmer followed up on Plaintiff's counsel promise to provide Exhibit D and required records. He did not respond. (*Id.* at ¶ 6).

10.    In effort to move this case forward, Zimmer agreed on February 28, 2019, to schedule mediation with Gary Larsen in Sarasota, Florida, on the condition that the required materials would be provided in advance of mediation on May 31, 2019. (*Id.* at ¶ 6).

11. However, two weeks before mediation, Plaintiff's counsel had still not provided the required documentation and medical records. Zimmer continued to follow up on May 17, 2019, May 21, 2019, and May 23, 2019. (*Id.* at ¶ 8). On May 24, 2019, Plaintiff's counsel again confirmed that he would provide the required materials. (*Id.*).

12. Two days before mediation, none of the required documentation and medical records had been produced. Plaintiff's counsel responded to an additional follow up on May 29, 2019, by emailing the same 66 pages of incomplete medical records from the implant surgery and the same five pages of incomplete medical records from the revision surgery. (*Id.* at ¶ 9).

13. Plaintiff's counsel attended the mediation without the required documentation and medical records and without his client. (*Id.* at ¶ 10). He took the surprising position that he had submitted all required materials and informed Zimmer for the first time at mediation that his client was unable to travel. (*Id.* at ¶ 11). The mediator recommended ending the mediation after Plaintiff's counsel could not produce what he claimed he submitted or any records whatsoever to support Plaintiff's claims of ongoing medical treatment and his settlement demand. (*Id.* at ¶¶ 12).

14. Zimmer attempted to meet and confer with Plaintiff before filing this motion by offering a final opportunity to provide copies of the required documentation and medical records on July 9, 2019. Plaintiff's counsel doubled down on his new claim that all required materials were submitted but again failed to ever produce copies. (*Id.* at ¶ 13).

15. For the foregoing reasons, Zimmer respectfully requests an order to show cause why Plaintiff's case should not be dismissed with prejudice for failure to all required documentation and medical records and to meaningfully participate in mediation.

Dated: September 26, 2019                     Respectfully submitted,

**FAEGRE BAKER DANIELS LLP**

/s/ Andrew L. Campbell
J. Joseph Tanner
Andrew L. Campbell
Stephanie N. Russo
300 North Meridian Street
Indianapolis, IN 46204
Phone: (317)237-0300
Fax: (317) 237-1000
Joe.Tanner@faegrebd.com
Andrew.Campbell@faegrebd.com
Stephanie.Russo@faegrebd.com

Attorneys for Defendant Zimmer, Inc.

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing document has been served upon all counsel of record via ECF this 26th day of September, 2019.

                /s/ Andrew L. Campbell

US.124574759.02